# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

TIMOTHY BEDWELL,

        Petitioner,

    v.

STATE OF ALASKA, THE DEPARTMENT OF CORRECTIONS, and THE ATTORNEY GENERAL,

        Respondents.

Case No. 4:23-cv-00027-SLG

## ORDER OF DISMISSAL

On November 17, 2023, self-represented prisoner Timothy Bedwell ("Petitioner") filed an "Ex-Parte Emergency Writ of Mandamus" and a civil cover sheet.[1] On December 5, 2023, Petitioner filed "Proof of Service."[2] Petitioner claims he is unlawfully imprisoned at the Goose Creek Correctional Center.[3] He seeks "exoneration" of his criminal charges and release from prison.[4] The Court takes judicial notice[5] of Petitioner's underlying criminal conviction,[6] his state

---

[1] Dockets 1-2.

[2] Docket 3.

[3] Docket 1 at 2.

[4] Dockets 1 at 2. Docket 1-1 at 1.

[5] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019). *See also Headwaters Inc. v. U.S. Forest Service,* 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

[6] *State of Alaska vs. Bedwell,* Case No. 4FA-12-02343CR.

postconviction relief proceedings in state court,[7] and his previously dismissed federal habeas petitions.[8]

As an initial matter, Plaintiff's filings are deficient because did not include the filing fee or an application to waive prepayment of the filing fee with his action.[9] Ordinarily, the Court would grant Plaintiff 30 days to cure the deficiency. However, federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction.[10]

## DISCUSSION

Mandamus applies only to federal officers and employees, not state officers and employees.[11] Therefore, the Court cannot issue a writ of mandamus against the State of Alaska, the Department of Corrections, or the Alaska Attorney General. Petitioner's collateral attack on his criminal conviction might be more appropriately brought as a writ of habeas corpus.[12] However, unlike habeas

---

[7] *In the Matter of: Bedwell, Timothy,* Case No. 4FA-19-01998CI; *Bedwell vs. State,* Court of Appeals No. A-11891.

[8] *Bedwell v. State of Alaska,* Case Nos. 4:17-cv-00015-SLG, 3:18-cv-00218-TMB, and 4:18-cv-00037-RRB.

[9] *See* Local Civil Rule 3.1.

[10] *Henderson ex rel. Henderson v. Shinseki,* 562 U.S. 428 (2011).

[11] *Demos v. U.S. Dist. Ct.*, 925 F.2d 1160, 1161–62 (9th Cir. 1991) (a petition for a writ of mandamus "to compel a state court or official to take or refrain from some action is frivolous as a matter of law"); *see also Malone v. Calderon,* 165 F.3d 1234, 1237 (9th Cir. 1999) (the All-Writs Act "does not operate to confer jurisdiction and may only be invoked in aid of jurisdiction which already exists").

[12] *Id. See also Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) ("habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas").

Case No. 4:23-cv-00027-SLG, *Bedwell v. State of Alaska, et al.*
Order of Dismissal
Page 2 of 3
Case 4:23-cv-00027-SLG   Document 4   Filed 12/15/23   Page 2 of 3

petitions mislabeled as civil rights claims, the Ninth Circuit does not specifically indicate that district courts should construe mislabeled mandamus petitions as habeas petitions.[13] The Court has previously informed Mr. Bedwell that habeas petitions are subject to strict procedural requirements, including proper exhaustion of all available state court remedies before a petition may be filed in federal court.[14] It is clear from the state court docket that Plaintiff has not exhausted his state court remedies, so he may not proceed in federal court.

In conclusion, mandamus relief is unavailable and the Court will not construe Petitioner's writ of mandamus as a petition for a writ of habeas corpus. Because there is no possibility that an amended complaint could state a cognizable claim at this time, the Court will not grant leave to amend.

**IT IS THEREFORE ORDERED:**

1. This action is **DISMISSED**.

2. All pending motions are **DENIED as moot.**

3. The Clerk of Court shall issue a **final judgement.**

DATED this 15th day of December, 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[13] *El-Shaddai v. Zamora,* 833 F.3d 1036, 1047 (9th Cir. 2016).

[14] *See, e.g., Bedwell v. State of Alaska*, Case No. 3:18-cv-00218-TMB (dismissing the petition without prejudice, because it was neither filed by Mr. Bedwell, nor filed by an attorney on his behalf; he had not exhausted his state remedies, and his petition was filed on California state court forms).

Case No. 4:23-cv-00027-SLG, *Bedwell v. State of Alaska, et al.*
Order of Dismissal
Page 3 of 3
Case 4:23-cv-00027-SLG  Document 4  Filed 12/15/23  Page 3 of 3